IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITOL JUSTICE LLC, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>WACHOVIA CORPORATION, *et al.*,<br><br>    Defendants. | Civil Action No. 1:07-cv-02095-RCL |

**PLAINTIFFS' AND DEFENDANTS'**
**JOINT LOCAL CIVIL RULE 16.3(d) REPORT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3, the parties, through their undersigned counsel, met and conferred in person on March 17, 2008, to discuss the matters required by these rules and respectfully submit the following joint report.

**Statement of Claims**

**Plaintiffs' Claims**: Plaintiffs have sued to recover substantial damages they have sustained as a result of Defendants' failure to make a loan for $89.5 million that they had committed to make, on agreed-upon terms, for the purchase of an office building in downtown Washington. Based upon the parties' agreements and Defendants' representations, Defendants' refusal to make the loan was improper and is actionable.

In particular, Defendants breached the parties' Loan Commitment Agreement by refusing to make the loan as agreed, and by improperly invoking a "material adverse change" clause as an unjustified pretext for refusing to make the loan. In the process, Defendants also breached the parties' Forward Rate Lock Agreement by failing to return Plaintiffs' full deposits in excess of $1.8 million, along with all profits realized from associated hedging transactions.

In addition, Defendants fraudulently induced Plaintiffs to enter the Loan Commitment Agreement and to refrain from terminating the Rate Lock Agreement by misrepresenting the meaning of the ambiguously worded "material adverse change" provision that Wachovia later relied upon in seeking to terminate the loan commitment. Defendants also misrepresented their intention, willingness and ability to fund and sell the loan into the commercial mortgage-backed securities market into which Wachovia said it would seek to place to loan at some future time, as well as the overall health of that market, which at the time Wachovia understood was already in a meltdown.

In light of Defendants' improper actions, Plaintiffs have asserted claims for breach of the parties' Loan Commitment Agreement and Forward Rate Lock Agreement, as well as for fraud, breach of fiduciary duty, negligent misrepresentation, breach of the covenant of good faith and fair dealing, equitable estoppel, unjust enrichment, an accounting, and declaratory relief.

**Defendants' Defenses**:  The commercial mortgage market has seen a dramatic and material change since the time the parties entered their Loan Commitment. The parties, in their contract, expressly allocated the risk of such an event to Plaintiffs, and Wachovia exercised its rights under that Loan Commitment Agreement. Wachovia returned to AAJ nearly all of its deposit underlying the parties' Rate Lock Agreement (deducting only costs expressly permitted in that Agreement), and Plaintiffs ultimately purchased the subject property through alternative financing sources.

Wachovia at all times complied with its contractual obligations, and Plaintiffs' breach of contract claims are without merit. The parties' agreement expressly permitted Wachovia to terminate its loan commitment in the event of a "material adverse change in the financial, banking or capital market conditions that could impair the sale of the Loan by Lender."

Wachovia determined in the months following execution of the Loan Commitment that such a material adverse change in fact occurred, and worked with Plaintiffs and their advisors to come up with alternative financing arrangements for Plaintiffs' purchase of the property at issue.

As detailed in Defendants' Motion to Dismiss (Docket No. 21), Plaintiffs' remaining claims should all be dismissed because Plaintiffs failed to state a claim upon which relief can be granted. Plaintiffs' fraud claim is precluded by the existence of an integration clause in the parties' agreement that renders any oral statements immaterial as a matter of law and any reliance on those statements unreasonable. Further, Plaintiffs have failed to identify any false statement of material fact, or to plead sufficient facts to support their fraud claims. Plaintiffs' fiduciary duty claims are precluded by AAJ's express disclaimer of a fiduciary relationship, and because the parties engaged in arms-length negotiations. Plaintiffs' remaining claims are simply duplicative of, and precluded by, their breach of contract claims.

Defendants reserve the right to assert additional defenses and to assert counterclaims when they respond to the amended complaint following the Court's disposition of Defendants' pending Motion to Dismiss.

### Local Civil Rule 16.3(c) Matters

The parties' positions as to the matters outlined in Local Civil Rule 16.3(c) are as follows:

1. <u>Dispositive Motion</u>: The parties disagree on whether the case is likely to be disposed of by dispositive motion. Plaintiffs believe the case will be resolved by jury trial. Defendants have filed a motion to dismiss eight of Plaintiffs' eleven claims, and to dismiss all defendants other than Wachovia Bank, N.A. That motion is pending. Defendants believe that Plaintiffs' remaining claims are likely to be resolved by a motion for summary judgment.

2. <u>Joinder/Amendments/Narrowing of Issues</u>: The parties agree that any other parties should be joined within 30 days of the Defendants' filing of their Answer. The parties agree that any amended pleadings should be filed within 30 days of Defendants' filing of their Answer. The parties agree that an answer should be filed within 30 days of the decision on the motion to dismiss. The parties may be able to agree upon or narrow some of the basic factual or legal issues following Defendants' filing of their Answer.

3. <u>Magistrate Judge</u>: The parties agree that the case should not be assigned to a magistrate judge.

4. <u>Settlement</u>: At this time, the parties do not believe there is a realistic possibility of settling the case.

5. <u>ADR</u>: At this time, the parties do not believe that the case could benefit from the Court's alternate dispute resolution procedures, or some other form of ADR.

6. <u>Summary Judgment</u>: Consistent with Plaintiffs' proposed scheduling order, Plaintiffs believe any motions for summary judgment should be filed, following the close of discovery, by November 21, 2008. Plaintiffs believe opposition briefs should be filed on or before December 22, 2008, and reply briefs should be filed on or before January 12, 2009. Defendants agree that motions for summary judgment should be filed after the close of discovery as outlined in Defendants' proposed scheduling order. Defendants also agree that opposition briefs should be filed 30 days thereafter, and reply briefs should be filed 20 days after opposition briefs. As outlined below, the principal difference in the parties' positions is the timing of the start of discovery.

7. <u>Initial Disclosures</u>: The parties agree that Rule 26(a)(1) Initial Disclosures should be exchanged on or before April 14, 2008.

8.  Discovery:  The parties agree that the default rules provided by the Federal Rules of Civil Procedure relating to limitations on discovery (e.g., number and duration of depositions and interrogatories) shall apply, subject to a party seeking modification of those limitations for good cause shown in accordance with the Federal Rules.

**Plaintiffs' Position:**  Consistent with Plaintiffs' proposed scheduling order, Plaintiffs believe discovery on all matters relevant to Plaintiffs' claims in their Amended Complaint should commence immediately and be completed on or before October 31, 2008.  Plaintiffs expect that virtually all of the discovery to be sought will be relevant to Plaintiffs' breach of contract claim in Count I of their Amended Complaint, which is unaffected by Defendants' pending Rule 12(b)(6) motion, and/or to Defendants' defenses to that claim.  As a result, there is no reason to delay commencement of discovery pending disposition of Defendants' motion.

**Defendants' Position:**  Defendants believe discovery should commence on the date 30 days after the motion to dismiss is decided ("Answer Date"). Deferring commencement of discovery until after the Motion to Dismiss has been resolved and Defendants' affirmative defenses and counterclaims have been asserted by way of answer will enable the parties to conduct discovery in the most efficient and cost effective manner. Plaintiffs' proposal will result in duplication of effort and multiplication of costs. Commencing discovery on all claims immediately would result in overly-broad discovery and unnecessary disputes concerning the scope of discovery.  Avoidance of such burden is one of the key roles of motions to dismiss.  Further, initiating discovery limited to certain aspects of plaintiffs' contract claims prior to resolution of the motion to dismiss (and prior to the filing of an answer) would result in duplicative collection, review and production of documents, and potentially the reopening of depositions.  There is no need for an expedited discovery schedule in this case, as the dispute between the parties is purely a financial dispute.

Once discovery is started, Defendants' proposed schedule is very similar to Plaintiffs. Defendants believe that non-expert fact discovery should be completed within 5 months (compared to 6 months proposed by Plaintiffs), and that expert discovery should be completed three months thereafter.

9.  Expert Reports:  The parties believe that Rule 26(a)(2) concerning Disclosure of Expert Testimony should govern.

**Plaintiffs' Position:**  Consistent with Plaintiffs' proposed scheduling order, Plaintiffs believe Plaintiffs' disclosure required by Rule 26(a)(2) should be served on or before August 25, 2008.  Plaintiffs believe Defendants' disclosure required by Rule 26(a)(2) should be served on or before September 25, 2008.  Plaintiffs believe disclosure concerning any rebuttal experts on behalf of Plaintiffs should be served on or before October 17, 2008.

**Defendants' Position:** Defendants believe that, consistent with Rule 26(a)(2), expert discovery should be divided into initial and rebuttal disclosures. Expert disclosures to be used in a party's affirmative case should be served on or before the date 150 days after the Answer Date, and rebuttal expert disclosures should be served on or before the date 210 days after the Answer Date.

10. <u>Class Actions</u>: Not applicable.

11. <u>Bifurcation</u>: The parties do not believe that the trial should be bifurcated or managed in phases. Plaintiffs do not believe that discovery should be bifurcated or managed in phases, and believe that discovery on all of Plaintiffs' claims should proceed immediately. Defendants believe that once discovery starts, the period for expert discovery should not begin until other fact discovery is complete.

12. <u>Pretrial Conference</u>: Consistent with Plaintiffs' proposed scheduling order, Plaintiffs believe the pretrial conference should occur on February 13, 2009. Defendants believe that any pretrial conference date should be set once the Motion to Dismiss has been decided.

13. <u>Trial Date</u>: Plaintiffs believe that the Court should set a firm trial date at the first scheduling conference. Defendants believe that the Court should set a firm trial date once the motion to dismiss has been decided.

14. <u>Other Matters</u>: N/A

Dated: March 31, 2008

Respectfully submitted,

| *s/David S. Wachen* | *s/Reginald R. Goeke* |
|---|---|
| Jeremy W. Schulman (D.C. Bar No. 481755) | Mark W. Ryan (D.C. Bar No. 359098) |
| David S. Wachen (D.C. Bar No. 441836) | Reginald R. Goeke (D.C. Bar No. 453613) |
| SHULMAN, ROGERS, GANDAL, PORDY & ECKER, P.A. | MAYER BROWN LLP |
| 11921 Rockville Pike | 1909 K Street, N.W. |
| Rockville, MD 20852 | Washington, DC 20006-1101 |
| Telephone: (301) 230-5200 | Telephone: (202) 263-3000 |
| Facsimile: (301) 230-2891 | Facsimile: (202) 263-3300 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITOL JUSTICE LLC, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>WACHOVIA CORPORATION, *et al.*,<br><br>    Defendants. | Civil Action No. 1:07-cv-02095-RCL |

## SCHEDULING ORDER

AND NOW, this ____ day of _____, 2008, upon consideration of Plaintiffs' and Defendants' Joint Local Civil Rule 16.3(d) Report, and the facts and circumstances surrounding this matter, **IT IS HEREBY ORDERED** that this case shall proceed as follows:

1. the parties shall exchange Rule 26(a)(1) initial disclosures by April 14, 2008;

2. any other parties shall be joined within 30 days of Defendants' filing of their Answer;

3. any amended pleadings shall be filed (or leave for their filing shall be sought, if necessary under the applicable rules) within 30 days of Defendants' filing of their Answer;

4. Plaintiffs shall serve their Disclosures of Expert Testimony required by Rule 26(a)(2) by August 25, 2008;

5. Defendants shall serve their Disclosures of Expert Testimony required by Rule 26(a)(2) by September 25, 2008;

6. Plaintiffs serve their Disclosures of Expert Testimony for rebuttal purposes by October 17, 2008;

7. discovery on all matters shall commence immediately and all discovery shall be completed by October 31, 2008;

8. motions for summary judgment shall be filed by November 21, 2008; opposition briefs shall be filed by December 22, 2008; reply briefs shall be filed by January 12, 2009;

9. the Court will hold a pretrial conference on February 13, 2009, at _____; and,

10. trial shall commence on _____, 2009 at _____.

SO ORDERED.

_____
ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITOL JUSTICE LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WACHOVIA CORPORATION, *et al.*,<br><br>Defendants. | Civil Action No. 1:07-cv-02095-RCL |

**[DEFENDANTS' PROPOSED] SCHEDULING ORDER**

AND NOW, this ____ day of _____, 2008, upon consideration of Plaintiffs' and Defendants' Joint Local Civil Rule 16.3(d) Report, and the facts and circumstances surrounding this matter, IT IS HEREBY ORDERED that this case shall proceed on the following schedule:

| **Event** | **Deadline** |
|---|---|
| Answer | 30 days after the date of entry of a decision on Defendants' Motion to Dismiss (Docket No. 21) ("Answer Date") |
| Rule 26(a)(1) initial disclosures | April 14, 2008 |
| Joinder of additional parties | 30 days after Answer Date |
| Commencement of discovery | Answer Date |
| Last date to seek leave to amend | 30 days after Answer Date |
| Non-expert fact discovery cutoff | 150 days after Answer Date |
| Service of disclosures under Rule 26(a)(2) of expert testimony | 150 days after Answer Date |

| Event | Deadline |
| --- | --- |
| Completion of Depositions of experts | 210 days after Answer Date |
| Service of initial disclosures under Rule 26(a)(2) of rebuttal experts | 210 days after Answer Date |
| Completion of Depositions of rebuttal experts | 240 days after Answer Date |
| Expert discovery cutoff | 240 days after Answer Date |
| Motions for summary judgment | 270 days after Answer Date |
| Summary judgment opposition briefs | 300 days after Answer Date |
| Summary judgment reply briefs | 320 days after Answer Date |
| Pretrial conference | TBA |
| Commencement of trial | TBA |

SO ORDERED.

_____
ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE