**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAPITOL JUSTICE LLC and AMERICAN ASSOCIATION FOR JUSTICE,<br><br>              Plaintiffs,<br><br>    v.<br><br>WACHOVIA BANK, N.A.,<br><br>              Defendant. | Civil Action No. 1:07-cv-02095-RCL<br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** |

**DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant Wachovia Bank, N.A. ("Wachovia"), by and through its undersigned counsel of record, hereby answers as follows.[1]

**NATURE OF THE ACTION**

1.      To the extent that paragraph 1 purports to be a characterization of plaintiffs' own Complaint, no response is required.  Defendant denies that it breached the Loan Commitment Agreement, and denies that American Association for Justice and Capitol Justice LLC (collectively "AAJ") have any actionable claim against Defendant whatsoever.

2.      Defendant admits that it invoked the material adverse change clause, but denies all other allegations in paragraph 2.

3.      Defendant admits that the Loan Commitment Agreement contained a material adverse change provision allowing Wachovia to terminate the loan.  Defendant denies knowledge or information sufficient to form a belief concerning the alleged media reports, which

_____
[1] Defendants Wachovia Corporation, Wachovia Capital Markets, LLC, Wachovia Securities, LLC, and Sandor Biderman have been dismissed from this Action.  *See* Memorandum Opinion and Order of June 11, 2008 (Dkt. No. 30) at 19 ("Dismissal Order").

AAJ does not describe with specificity in this paragraph. Defendant denies the remaining allegations in paragraph 3 of the Complaint.

4.      Defendant denies the allegations set forth in paragraph 4 of the Complaint.

5.      Defendant denies the allegations set forth in paragraph 5 of the Complaint.

6.      To the extent paragraph 6 characterizes the contents of media reports, Defendant refers to those reports as the best evidence of their own contents. Defendant denies the remaining allegations in paragraph 6 of the Complaint.

7.      Defendant admits that AAJ signed a rate lock agreement and paid the amounts alleged. Defendant denies that it made any representations to AAJ that were not in accord with the written terms of the Loan Commitment Agreement and with the allocation of risk set forth therein, and in any event denies that such alleged representations could be relied upon by AAJ as inducement to enter the Loan Commitment Agreement. Defendant denies information or knowledge sufficient to form a belief concerning the remaining allegations in paragraph 7 of the Complaint.

8.      Defendant admits that it terminated its commitment to make the Loan, based on its determination that there had been a material adverse change in the capital markets, and admits that it notified AAJ of that decision in a letter dated October 22, 2007. To the extent paragraph 8 purports to characterize the contents of the October 22, 2007 letter, Defendant refers to the letter as the best evidence of its own contents. Defendant further admits that on November 16, 2007, it informed AAJ that it had terminated the Rate Lock Agreement. Defendant denies the remaining allegations in paragraph 8 of the Complaint.

9.      Defendant denies the allegations in paragraph 9 of the Complaint, and denies that AAJ is entitled to any relief whatsoever.

**PARTIES**

10.     Defendant denies knowledge or information sufficient to form a belief concerning the allegations in paragraph 10 of the Complaint.

11.     Defendant denies knowledge or information sufficient to form a belief concerning the allegations in paragraph 11 of the Complaint.

12.     Defendant Wachovia Corporation has been dismissed from this action; thus, no response to paragraph 12 of the Complaint is necessary.  *See* Dismissal Order at 19.

13.     Defendant admits the allegations in paragraph 13 of the Complaint.

14.     Defendant Wachovia Capital Markets has been dismissed from this action; thus, no response to paragraph 14 of the Complaint is necessary.  *See id.*

15.     Defendant Wachovia Securities, LLC has been dismissed from this action; thus, no response to paragraph 15 of the Complaint is necessary.  *See id.*

16.     Defendant Sandor Biderman has been dismissed from this action; thus, no response to paragraph 16 of the Complaint is necessary.  *See id.*

**JURISDICTION AND VENUE**

17.     Paragraph 17 sets forth legal conclusions, to which no response is required.

18.     Paragraph 18 sets forth legal conclusions, to which no response is required.

19.     Paragraph 19 sets forth legal conclusions, to which no response is required.

**STATEMENT OF FACTS**

20.     Defendant denies knowledge or information sufficient to form a belief concerning the allegations in paragraph 20 of the Complaint.

21.     Defendant admits that the property on 777 6th Street, N.W. in Washington, D.C. ("Property") is across the street from the Verizon Center.  Defendant denies knowledge or

information sufficient to form a belief concerning the remaining allegations in paragraph 21 of the Complaint.

22.     Defendant denies knowledge or information sufficient to form a belief concerning the allegations in paragraph 22 of the Complaint.

23.     Defendant denies knowledge or information sufficient to form a belief concerning the allegations in paragraph 23 of the Complaint.

24.     To the extent that paragraph 24 purports to describe the terms of the Purchase Agreement, Defendant refers to that document as the best evidence of its own contents. Defendant denies knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 24 of the Complaint.

25.     To the extent that paragraph 25 purports to describe the terms of the Purchase Agreement, Defendant refers to that document as the best evidence of its own contents. Defendant denies knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 25 of the Complaint.

26.     To the extent paragraph 26 purports to describe the terms of the Purchase Agreement, Defendant refers to that document as the best evidence of its own contents. Defendant denies knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 26 of the Complaint.

27.     Defendant denies knowledge or information sufficient to form a belief concerning the allegations in paragraph 27 of the Complaint.

28.     To the extent paragraph 28 purports to describe the terms of the Sale Agreement, Defendant refers to that document as the best evidence of its own contents.  Defendant denies

knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 28 of the Complaint.

29.     Defendant denies knowledge or information sufficient to form a belief concerning the allegations in paragraph 29 of the Complaint, except that it admits that The Staubach Company ("Staubach") assisted AAJ in obtaining financing for the purchase of the Property.

30.     Defendant denies knowledge or information sufficient to form a belief concerning the allegations in paragraph 30, except that it admits that a CMBS transaction involves the pooling of mortgage loans into a trust and that credit rating agencies assign credit ratings to the bond classes in the trust.

31.     Defendant denies knowledge or information sufficient to form a belief concerning the allegations in paragraph 31 of the Complaint.

32.     Defendant admits that Staubach approached Wachovia to seek a loan for AAJ's acquisition of the Property.  To the extent that paragraph 32 purports to characterize Wachovia's marketing, Wachovia denies those allegations, except that Wachovia admits that it has more than 75 real estate professionals in 13 regional offices, and that it has placed over $31.2 billion in commercial real estate transactions with institutional investors nationwide since 2001.

33.     Defendant denies knowledge or information sufficient to form a belief concerning the allegations in paragraph 33 of the Complaint.

34.     Defendant denies the allegations in paragraph 34, except that it admits that Biderman was a director for Wachovia and served as a point of contact at Wachovia for AAJ, which was acting through Staubach.  To the extent that paragraph 34 calls for a legal conclusion, no response is necessary.

35.     Defendant denies the allegation in paragraph 35, except that it admits that AAJ informed Defendant that AAJ would need approximately $89 million to purchase the Property on December 17, 2007; that Cooley Godward had leased approximately 54,000 square feet of the Property; and that AAJ represented that it would lease 61,000 square feet.

36.     Defendant admits that it provided a Term Sheet to AAJ.  Defendant refers to that Term Sheet as the best evidence of its own contents.

37.     Paragraph 37 purports to describe the terms of the Term Sheet.  Defendant refers to that document as the best evidence of its own contents.

38.     Paragraph 38 purports to describe the terms of the Term Sheet.  Defendant refers to that document as the best evidence of its own contents.

39.     Paragraph 39 purports to describe the terms of the Term Sheet.  Defendant refers to that document as the best evidence of its own contents.

40.     To the extent Paragraph 40 purports to describe the terms of the Term Sheet, Defendant refers to that document as the best evidence of its own contents.  Defendant admits that Biderman acknowledged receiving the Good Faith Deposit in an email dated April 30, 2007.

41.     Defendant admits that AAJ requested a rate lock agreement.  Defendant denies knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 41 of the Complaint.

42.     Defendant admits that Biderman sent an April 26, 2007 email to John Gibb at Staubach regarding the rate lock, and refers to that email as the best evidence of its own contents.

43.     Defendant denies the allegations in paragraph 43 of the Complaint.

44.     Defendant admits that Defendant and AAJ executed a Forward Rate Lock Agreement ("Rate Lock Agreement") on or about April 30, 2007 and that the Confirmation was

executed by both parties.  To the extent that paragraph 44 purports to describe the terms of the

Rate Lock Agreement, Defendant refers to that agreement as the best evidence of its own

contents.  Defendant denies the remaining allegations in paragraph 44 of the Complaint.

45.     To the extent that paragraph 45 interprets the terms of the Confirmation,

Defendant refers to that document as the best evidence of its own contents.  Defendant admits

that AAJ wired Wachovia $1,790,000.

46.     Paragraph 46 purports to describe the terms of the Rate Lock Agreement.

Defendant refers to that agreement as the best evidence of its own contents.

47.     Paragraph 47 purports to describe the terms of the Rate Lock Agreement.

Defendant refers to that agreement as the best evidence of its own contents.

48.     Paragraph 48 purports to describe the terms of the Rate Lock Agreement.

Defendant refers to that agreement as the best evidence of its own contents.

49.     Paragraph 49 purports to describe the terms of the Rate Lock Agreement.

Defendant refers to that agreement as the best evidence of its own contents.

50.     Defendant admits that AAJ did not elect to terminate the Rate Lock Agreement

pursuant to paragraph 3 of that Agreement.  Defendant denies the remaining allegations in

paragraph 50 of the Complaint.

51.     Defendant admits that the parties negotiated the language of the Loan

Commitment Agreement.  Defendant denies knowledge or information sufficient to form a belief

concerning the remaining allegations in paragraph 51 of the Complaint.

52.     Defendant admits that Biderman sent a Loan Commitment Agreement to AAJ on

or about May 18, 2007.  Defendant denies the remaining allegations in paragraph 52 of the

Complaint.

53.     Defendant admits that AAJ proposed striking paragraph 1.15(d) from the Loan Commitment Agreement.  Defendant denies the remaining allegations in paragraph 53 of the Complaint.

54.     Defendant denies the allegations in paragraph 54 of the Complaint.

55.     Defendant admits that Moody's published the report described in paragraph 55, and refers to that report as the best evidence of its own contents.

56.     Defendant admits that Mortgage Banking published the article described in paragraph 56, and refers to that article as the best evidence of its own contents.

57.     Defendant admits that The New York Times published the article described in paragraph 57, and refers to that article as the best evidence of its own contents.

58.     Defendant denies knowledge or information sufficient to form a belief concerning the allegations in paragraph 58 of the Complaint.

59.     Defendant admits that on or about June 15, 2007, the Wall Street Journal published the column described in paragraph 59, and refers to that article as the best evidence of its own contents.

60.     Defendant denies the allegations in paragraph 60 of the Complaint.

61.     Defendant denies the allegations in paragraph 61 of the Complaint.

62.     Defendant denies the allegations in paragraph 62 of the Complaint.

63.     Defendant denies the allegations in paragraph 63 of the Complaint.

64.     Defendant denies the allegations in paragraph 64 of the Complaint.

65.     Defendant denies the allegations in paragraph 65 of the Complaint.

66.     Defendant admits that AAJ and Defendant executed a Loan Commitment Agreement, and refers to that Agreement as the best evidence of its contents.  Defendant denies

knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 66 of the Complaint.

67.     Defendant admits that Biderman signed the Loan Commitment Agreement on or about June 20, 2007.  Defendant denies knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 67 of the Complaint.

68.     Defendant denies the allegations in paragraph 68 of the Complaint.

69.     Defendant denies knowledge or information sufficient to form a belief concerning the allegations in paragraph 69 of the Complaint, except that Defendant denies that any representation not included in the written terms of the parties' agreements could reasonably have been relied on by AAJ as a basis for its conduct regarding the Property acquisition.

70.     To the extent that Paragraph 70 purports to describe the terms of the Loan Commitment, Defendant refers to that agreement as the best evidence of its own contents.  To the extent this paragraph alleges that Defendants were unconditionally obligated to fund the loan, Defendant denies that allegation.

71.     To the extent that Paragraph 71 purports to describe the terms of the Loan Commitment Agreement, Defendant refers to that agreement as the best evidence of its own contents.  Defendant denies that the boldface, italic, and underscoring emphasis that, in paragraph 71, is added to certain terms accurately portrays the contents of the Loan Commitment Agreement.

72.     To the extent that Paragraph 72 purports to describe the terms of the Loan Agreement, Defendant refers to that agreement as the best evidence of its own contents.  Defendant admits that AAJ returned an executed copy of the Loan Commitment Agreement to

Defendant, but denies that the executed copy was returned within five days of the date of that Agreement.

73.     Paragraph 73 purports to describe the terms of the Loan Agreement.  Defendant refers to that document as the best evidence of its own contents.

74.     Paragraph 74 purports to describe the terms of the Loan Agreement.  Defendant refers to that document as the best evidence of its own contents.

75.     Paragraph 75 purports to describe the terms of the Loan Agreement.  Defendant refers to that document as the best evidence of its own contents.

76.     Paragraph 76 purports to describe the terms of the Term Sheet.  Defendant refers to that document as the best evidence of its own contents.

77.     Paragraph 77 purports to describe the terms of the Term Sheet.  Defendant refers to that document as the best evidence of its own contents.

78.     Defendant admits that John Tinkey sent a letter to AAJ dated October 22, 2007, and refers to that letter as the best evidence of its own contents.

79.     To the extent paragraph 79 purports to describe the contents of the October 22, 2007 letter sent to AAJ by Wachovia's John Tinkey ("Termination Letter"), Defendant refers to the document as the best evidence of its own contents.  Defendant admits that it invoked paragraph 1.15(d) of the Loan Commitment Agreement to terminate the loan commitment.

80.     Defendant admits that it sent AAJ a new term sheet accompanying the Termination Letter and refers to that term sheet as the best evidence of its own contents.

81.     Defendant denies that the newly proposed loan terms were "far more onerous" than those in the Loan Commitment Agreement.  Defendant denies information or knowledge sufficient to form a belief the remaining allegations in paragraph 81 of the Complaint.

82.     Defendant denies the allegations in paragraph 82 of the Complaint.

83.     Defendant admits that an article appeared in Financial Week that contained a purported quote from Mark Melchione, but denies the remaining allegations in paragraph 83, including the accuracy of the quote.

84.     Defendant denies the allegations in paragraph 84 of the Complaint.

85.     Defendant admits that at the time the Loan Commitment Agreement was issued, Cooley Godward had leased approximately 54,000 square feet of the Property and that AAJ committed to leasing an additional 61,803 square feet of the Property.  Defendant denies the remaining allegations in paragraph 85 of the Complaint.

86.     Defendant admits that Section 1.15(d) of the Loan Commitment Agreement permits termination if materially adverse changes in market conditions could impair Wachovia's ability to sell all or part of the Loan in the secondary markets.  Defendant denies the remaining allegations in paragraph 86 of the Complaint.

87.     To the extent paragraph 87 purports to describe the terms of the Loan Commitment Agreement, Defendant refers to that document as the best evidence of its own contents.  To the extent a further response is required, Defendant denies the allegations in paragraph 87 of the Complaint.

88.     Defendant denies the allegations in paragraph 88 of the Complaint.

89.     Defendant admits that on or about October 29, 2007, counsel to AAJ wrote a letter to counsel for Wachovia, and refers to that document as the best evidence of its own contents.

90.     Defendant admits that it has not retracted its termination of the Loan Commitment Agreement, and that it reiterated its position to that effect in a letter to AAJ's counsel dated November 7, 2007.

91.     Defendant admits that on November 16, 2007, Tinkey sent an email to AAJ informing AAJ that Wachovia had terminated the Rate Lock Agreement.   To the extent paragraph 91 purports to describe the contents of that email, Defendant refers to the email as the best evidence of its own contents.

92.     Defendant denies the allegations in paragraph 92 of the Complaint.

93.     Defendant denies the allegation in paragraph 93 of the Complaint.

94.     To the extent paragraph 94 purports to describe the contents of a November 18, 2007 email from AAJ to Defendant, Defendant refers to that document as the best evidence of its own contents.   To the extent a further response is required, Defendant denies the allegations in paragraph 94 of the Complaint.

95.     Defendant admits that it sent AAJ an accounting on December 3, 2007, and refers to that document as the best evidence of its own contents.   Defendant denies the remaining allegations in paragraph 95 of the Complaint.

96.     Defendant admits that on December 3, 2007, AAJ sent Defendant the email described in paragraph 96.   To the extent this paragraph purports to describe the contents of that email, Defendant refers to that document as the best evidence of its own contents.   Defendant denies the remaining allegations in paragraph 96 of the Complain.

97.     Defendant denies the allegations in paragraph 97 of the Complaint.

98.     Defendant denies the allegations in paragraph 98 of the Complaint.

99.     Defendant admits the allegations in paragraph 99 of the Complaint.

100.    To the extent paragraph 100 purports to describe the terms of the Rate Lock Agreement, Defendant refers to that document as the best evidence of its own contents.  To the extent any further response is required, Defendant denies the allegations in paragraph 100 of the Complaint.

101.    Defendant denies the allegations in paragraph 101 of the Complaint.

## COUNT I

102.    Defendant repeats and reasserts the responses to the allegations contained in paragraphs 1 through 101 above as if fully set forth herein.

103.    Defendant denies that it was the sole drafter of the Loan Commitment Agreement. The remainder of Paragraph 103 purports to state legal arguments or conclusions, to which no response is required.

104.    Defendant denies the allegations in paragraph 104 of the Complaint.

105.    Defendant denies the allegations in paragraph 105 of the Complaint.

106.    Defendant admits that it sent the October 22, 2007 Termination Letter to AAJ, and refers to that document as the best evidence of its own contents.

107.    Defendant denies the allegations in paragraph 107 of the Complaint.

108.    Defendant denies the allegation in paragraph 108 of the Complaint.

109.    Defendant denies the allegations in paragraph 109 of the Complaint.

110.    Defendant denies the allegations in paragraph 110 of the Complaint.

111.    Defendant denies the allegations in paragraph 111 of the Complaint.

112.    Defendant denies the allegations in paragraph 112 of the Complaint.

## COUNT II

Count II of the Complaint has been dismissed. *See* Dismissal Order. Therefore, no response to paragraphs 113 through 127 is necessary.

## COUNT III

128. Defendant repeats and reasserts the responses to the allegations contained in paragraphs 1 through 101 above as if fully set forth herein.

129. Defendant denies that it was the sole drafter of the Loan Commitment Agreement. The remainder of Paragraph 129 purports to state legal arguments or conclusions, to which no response is required.

130. Defendant denies the allegations in paragraph 130 of the Complaint.

131. Defendant admits that it sent the October 22, 2007 Termination Letter to AAJ, and refers to that document as the best evidence of its own contents.

132. Defendant denies the allegations in paragraph 132 of the Complaint.

133. Defendant denies the allegations in paragraph 133 of the Complaint.

134. Defendant denies the allegations in paragraph 134 of the Complaint.

135. Defendant denies the allegations in paragraph 135 of the Complaint.

136. Defendant denies the allegations in paragraph 136 of the Complaint.

137. Defendant denies the allegations in paragraph 137 of the Complaint.

138. Defendant denies the allegations in paragraph 138 of the Complaint.

139. Defendant denies that AAJ is entitled to the relief requested in paragraph 139 of the Complaint.

## COUNTS IV THROUGH IX

Counts IV through IX of the Complaint have been dismissed. *See* Dismissal Order. Therefore, no response to paragraphs 140 through 216 is necessary.

## COUNT X

217.    Defendant repeats and reasserts the responses to the allegations contained in paragraphs 1 through 101 above as if fully set forth herein.

218.    Defendant admits the allegations in paragraph 218 of the Complaint.

219.    Paragraph 219 purports to describe the terms of the Rate Lock Agreement. Defendant refers to that document as the best evidence of its own contents.

220.    Defendant admits that Defendant, through Tinkey, sent the November 16, 2007 email to Wachovia and refers to that document as the best evidence of its own contents.

221.    Defendant admits that it sent AAJ an accounting on December 3, 2007, and refers to that document as the best evidence of its own contents.  Defendant admits that the balance due to AAJ upon termination of the Rate Lock Agreement was less than the amount deposited by AAJ in entering into that Agreement.  Defendant denies the remaining allegations in paragraph 221 of the Complaint.

222.    Defendant denies the allegations in paragraph 222 of the Complaint.

223.    Defendant denies the allegations in paragraph 223 of the Complaint.

224.    Defendant denies the allegations in paragraph 224 of the Complaint.

225.    Defendant denies the allegations in paragraph 225 of the Complaint.

226.    Defendant denies that AAJ is entitled to the relief requested in paragraph 226 of the Complaint.

## COUNT XI

227.    Defendant repeats and reasserts the responses to the allegations contained in paragraphs 1 through 101 above as if fully set forth herein.

228.    Defendant admits that it sent the October 22, 2007 Termination Letter to AAJ and refers to that document as the best evidence of its own contents.

229.    Defendant denies the allegations in paragraph 229 of the Complaint.

230.    Defendant admits that counsel for AAJ sent an October 29, 2007 letter to counsel for Defendant, and refers to that document as the best evidence of its own contents.

231.    Defendant admits that it sent a letter dated November 7, 2007, and refers to that document as the best evidence of its own contents.

232.    Defendant denies the allegations in paragraph 232 of the Complaint.

233.    Defendant denies that AAJ is entitled to the relief requested in paragraph 233 of the Complaint.

## DEMAND FOR JUDGMENT

Defendants denies that AAJ is entitled to any of the relief requested in its demand for judgment.

## AFFIRMATIVE DEFENSES

Defendant, while reserving the right to assert other defenses as discovery proceeds, and without assuming the burden of proof when the burden of proof rests on Plaintiffs, assert the following separate and independent affirmative defenses in further opposition to Plaintiffs' Complaint:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the language of the Loan Commitment Agreement, including, but not limited to, Sections 1.15 and 1.17.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' waiver of their claims.

### THIRD AFFIRMATIVE DEFENSE

Defendant denies that Plaintiffs have fulfilled all conditions precedent under the terms of the Loan Commitment Agreement . In particular, Plaintiffs have failed to: (a) establish a maximum loan-to-value ratio of 80.0%; (b) establish a minimum Debt Service Coverage Ratio of 1.20x based on the actual constant; and (c) establish a pro forma underwritten net cash flow of no less that $6,600,000, as required by the Loan Commitment Agreement.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are precluded by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that AAJ has now purchased the Property, and has thus waived any opportunity to demand specific performance.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for an accounting is barred by the availability of an adequate remedy at law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate any damages they claim to have suffered.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Wachovia prays that the Court:

1. Enter judgment in favor of Defendant;

2. Award Defendants their costs incurred defending this action, including reasonable attorneys' fees; and

3. Grant Defendants such other and further relief as the Court may deem proper.

Respectfully submitted,

Dated:  July 11, 2008

By:   /s/ Mark W. Ryan
      Mark W. Ryan (D.C. Bar No. 359098)
      Reginald R. Goeke (D.C. Bar No. 453613)
      Joseph R. Baker (D.C. Bar No. 490802)
      MAYER BROWN LLP
      1909 K Street, N.W.
      Washington, DC  20006-1101
      Telephone:   (202) 263-3000

      *Attorneys for Defendant Wachovia Bank, N.A.*

## CERTIFICATE OF SERVICE

I, Joseph R. Baker, hereby certify that on July 11, 2008, I caused a true and correct copy of Defendant's Answer to Plaintiffs' Amended Complaint to be filed electronically and served electronically through the court's CM/ECF System.

Dated:  July 11, 2008

                                    /s/ Joseph R. Baker
                                  Joseph R. Baker (D.C. Bar No. 490802)
                                  MAYER BROWN LLP
                                  1909 K Street, N.W.
                                  Washington, DC  20006-1101
                                  Telephone:   (202) 263-3000
                                  *Attorney for Defendant Wachovia Bank, N.A.*